*Hawkins & Root,* for appellee.

----

MALVINA ELDER ET AL. *v.* ALEX. C. LUCAS.

**Personal Representation—Suit on Bond—Form of Judgment.**

By failure to answer the appellant admits that she has assets in her hand sufficient to pay the debt, but the judgment is rendered against her de propriis bonis. Held that the judgment cannot be sustained in the form in which it is rendered, it should have been rendered to be levied of assets in her hands.

APPEAL FROM SCOTT CIRCUIT COURT.

September 16, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellee against Mrs. Elder, as the personal representative of Napoleon McDowell, deceased, who was his guardian, James C. Lemon, as the surety of said McDowell in his guardian bond, and William Lucas, as the surety of Mrs. Elder in her administration bond, to recover of them the sum of about two hundred dollars, alleged to be due an dowing him by the personal representative of said McDowell.

Process was executed on Lemon and Mrs. Elder, and returned as to Lucas, that he was no inhabitant of the county.

At the May term, 1866, of the Scott Circuit Court a joint judgment was rendered against the defendants, upon whom the process had been executed, they having failed to answer, and the cause continued as to Lucas, and Mrs. Elder and Lemon have appealed.

The facts stated in the petition constitute a good cause of action against appellants, in the respective characters in which they are sued; and as Mrs. Elder was sued in her fiduciary character, and the judgment is rendered against her *de propriis bonis*, the only question is, can the judgment be sustained in the form in which it is rendered? That question, we think, must be answered in the negative.

By failing to answer, Mrs. Elder admits that she has assets in her hands of her intestate sufficient to pay the debt, but whether she admits it, or had denied it in an answer, and assets had been found in her hands sufficient to pay the demand by the verdict of a jury, still in neither event would the court below have been authorized to render a personal judgment against her; but it should have been rendered to be levied of assets in her hands to be administered. (Botts' Admr. *v.* Fitzpatrick, 5 B. M., 397).

Wherefore, the judgment being erroneous, is reversed, and the cause remanded, with directions to render judgment as herein directed, and for further proceedings consistent herewith.

*Polk & Campbell,* for appellants.

*Shepherd,* for appellees.